UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LINCOLN SQUARE CAPITAL
MANAGEMENT, LLC,

      Plaintiff,

v.                                    Case No. 2:21-mc-3-JLB-NPM

MEGHAN R. RIZZO,

      Defendant.

## ORDER

Before the Court is the Motion for Issuance of Post Judgment Writ of Garnishment (Doc. 8). Plaintiff Lincoln Square Capital Management, LLC requests the Court direct the Clerk to issue a writ of garnishment on Bank of America, N.A.. (*Id.*, p. 1).

On October 24, 2017, the United States District Court for the Southern District of New York entered a Default Judgment against Defendant Meghan R. Rizzo in the amount of $85,952.00. (Doc. 1, p. 2). Plaintiff represents Defendant now resides in this District. Plaintiff also represents the Judgment remains outstanding and Plaintiff believes Bank of America, N.A. may be indebted to Defendant or has tangible or intangible personal property of Defendant in its possession or control. (Doc. 8, p. 2).

Rule 69(a)(1), Federal Rules of Civil Procedure, provides:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Fed. R. Civ. P. 69(a)(1); *see also* Fed. R. Civ. P. 64. Because this district is in the State of Florida, Florida law applies in executing on the judgment and in garnishment proceedings. Florida law provides that "[e]very person or entity who has sued to recover a debt or has recovered judgment in any court against any person or entity has a right to a writ of garnishment . . . ." Fla. Stat. § 77.01. To obtain a writ of garnishment after judgment, a plaintiff must file a motion that states the amount of the judgment. Fla. Stat. §§ 77.03. Further, the form of the writ is governed by Florida Statute Section 77.04.

Here, Plaintiff requests that the Court direct the Clerk of Court to issue a writ of garnishment. The Court finds that Plaintiff has complied with both the Federal Rules of Civil Procedure and the Florida Statutes and therefore directs the Clerk of Court to issue the writ of garnishment attached to the Order.[1]

Under Florida Statute Section 77.041(2), Plaintiff must mail a copy of the writ of garnishment, a copy of the motion for writ of garnishment, and because Defendant

---

[1] Plaintiff attached a proposed writ of garnishment to the motion. The Court modified the writ of garnishment slightly to update the notary jurat.

is an individual, the "Notice to Defendant" to Defendant's last known address within five business days after the writ is issued or three business days after the writ is served on garnishee, whichever is later. If the documents are returned as undeliverable or if the last known address is undiscoverable, then Plaintiff must mail the documents to Defendant at Defendant's last place of employment. *Id.* Plaintiff must then file a certificate of such service. *Id.* Further, if the garnishee fails to answer, then upon motion, the garnishee may be subject to default and final judgment in the amount of Plaintiff's claim with interest and costs. Fla. Stat. § 77.081.

Accordingly, the Court **grants** the Motion for Issuance of Post Judgment Writ of Garnishment (Doc. 8). The Court directs the Clerk of Court to issue the writ of garnishment attached to this Order.

**DONE** and **ORDERED** in Fort Myers, Florida on February 26, 2021.

*/s/ Nicholas P. Mizell*
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE